Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY UTAI, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| VAN RU CREDIT CORPORATION, a corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III.  PARTIES

3. Plaintiff ANTHONY UTAI ("Plaintiff") is a natural person residing in the State of California, County of Orange.

4. Defendant VAN RU CREDIT CORPORATION ("Defendant") at all times relevant was a corporation doing business of collecting debts andcalling consumersthroughout the state of California and operating from an address at 1350 E. Touhy Avenue, Suite 300E, Des Plaines, IL 60018.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6)and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code

1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. On a date unknown, an individual opened a student loan account ("the Debt") in Plaintiff's name without his knowledge, authorization or permission.

13. The Debt did not belong to Plaintiff as he never applied for the loan or attended the school for which the purported loan was made.

14. The signature on the purported loan was not Plaintiff's signature.

15. Defendant then began to attempt collection on this Debt.

16. Plaintiff did not discover the unauthorized account and balance until Defendant contacted Plaintiff regarding the account.

17. After discovering the unauthorized account and balance, Plaintiff explained to Defendant that he disputed the Debt and was not responsible for payment.

18. Despite Plaintiff's requesting Defendant to cease collection, Defendant continued its collection efforts, irrespective of the illegimate Debt, and garnished Plaintiff's wages.

19. The wages garnished by Defendant have never been returned to Plaintiff.

20. Defendant's actions are the source of great concern, worry, frustration and emotional distress.

## V.  FIRST CLAIM FOR RELIEF
### (As against Defendants for Violation of the FDCPA)

21. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

22. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

    (b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

    (d) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

    (e) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

    (f) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

    (g) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law; and

    (h) The Defendants violated 15 U.S.C. § 1692(f)(6) by taking or threatening to unlawfully repossess or disable the Plaintiff's property.

23. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

//

//

## VI.  SECOND CLAIM FOR RELIEF

(**Against all Defendants for Violation of the Rosenthal Act**)

24. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

25. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

26. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

28. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all Defendants for the following:

    (a) Actual damages;
    (b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);
    (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);
    (d) Punitive damages; and
    (e) For such other and further relief as the Court may deem just and proper.

Date: June 20, 2016   \_\_\_\_\_s/ Jeremy S. Golden_____
                                    Jeremy S. Golden
                                    Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: June 20, 2016              _____s/ Jeremy S. Golden_____
                                 Jeremy S. Golden
                                 Attorney for Plaintiff